915 So.2d 1112 (2005)
Trenton LAMARTINIERE, Tony Rachal and Shawn Brouillette, Appellants
v.
Matthew B. JONES, Appellee.
No. 2004-CA-02229-COA.
Court of Appeals of Mississippi.
December 6, 2005.
Benjamin A. Luke, attorney for appellants.
Eric Joseph Dillon, Frances R. Shields, Jackson, attorneys for appellee.
Before KING, C.J., BRIDGES and GRIFFIS, JJ.
BRIDGES, J., for the Court.
¶ 1. On April 21, 2001, Matthew Jones's vehicle hit the back of a another vehicle driven by Shawn Brouillette with Tony Rachal and Trenton Lamartiniere riding as passengers. Jones admitted to hitting their vehicle but denied that they received any damages. The case went to trial in Madison County Circuit Court on August 19, 2004, and the jury determined that none of the three incurred any damages. They now appeal arguing that the jury verdict was against the overwhelming weight of the evidence.

*1113 STATEMENT OF FACTS
¶ 2. Shawn Brouillette plays for a band called Jobe's Tears and Trenton Lamartiniere sometimes plays with the band. Along with Tony Rachal, they traveled to Jackson, Mississippi in order to perform a show on April 21, 2001. On the way to perform, Matthew B. Jones allowed his vehicle to strike the rear portion of their vehicle while they were stopped on the northbound lane of Old Canton Road waiting to get onto the Natchez Trace.
¶ 3. Their vehicle received some damage to the trailer hitch but it did not prevent them from towing a trailer back to Louisiana and the members of the band also performed that evening after the accident. As of the summer of 2002, they still had not performed any repairs to the trailer hitch on the 1995 Dodge Ram truck. The three Louisiana residents also suspected that Jones totaled his vehicle or did more damage to it. However, Jones testified that upon reattaching his radiator hose he drove his vehicle from the scene of the accident.
¶ 4. Brouillette, Lamartiniere, and Rachal all testified that they sought and obtained medical treatment and incurred medical expenses arising out of the accident. Rachal testified to experience injury to his neck back and left shoulder and pains that lead to him attending physical therapy with Dr. L.J. Mayeaux. On cross examination he admitted to a previous head injury resulting from a gunshot wound in 1992. The gunshot wound left Rachal with left-sided paralysis according to Jones's expert Dr. Michael Winkelmann. Rachal also attended physical therapy with Dr. Mayeaux for this gunshot wound about once a month. Rachal estimated that his medical bill came out to, "about 31 hundred, and a little more." Dr. Winkelmann also reviewed Rachal's medical records and in his opinion Rachal only received injury mostly to soft tissue from a whiplash situation and "he could not find any other injury that was noted or appropriately documented in the record," as well as no permanent injuries as the result of this accident.
¶ 5. Lamartiniere testified that he had increasing back pains with muscle spasms after the accident and had to seek physical therapy. Lamartiniere also testified that he suffered back problems due to a prior injury while working for a sprinkler company in 1999 and had to work with a physical therapist and a chiropractor because of it. Dr. Winkelmann confirmed that Lamartiniere had three previous car accidents that also effected his thoracic and lumbar spine. Dr. Winkelmann rendered that he had a soft-tissue injury to the cervical, lumbar, and thoracic spine but that the records reveal that he did not have any continued problems. Lamartiniere estimated that his total medical bills equaled approximately $4000 dollars.
¶ 6. Brouillette testified that he sought medical attention from a doctor a week and a half after the accident because of back pain that locked up to the point that he could not move. However, Brouillette's medical records showed that he did not seek medical attention for two months after the accident. He also testified that he had to seek a specialist because of the accident; however, he never had to stop playing the keyboards in his band, which he did standing up. Winkelmann testified that the only potential injury that Brouillette did sustain from the accident was a whiplash injury to the cervical spine. Brouillette testified that he incurred about $5000 in medical bills because of the accident. X-rays and a subsequent MRI also showed that Brouillette had a small disc protrusion in the L5-S1 region of his back.
¶ 7. The case went to trial in Madison County Circuit Court on August 19, 2004, *1114 and Jones stipulated to negligently causing the accident. However, Jones's disputed that he caused any of Brouillette, Lamartiniere, or Rachal's injuries. The jury entered a verdict for Jones determining that none of the three incurred any damages. They now appeal arguing that the jury verdict was against the overwhelming weight of the evidence, although they failed to move for a judgment notwithstanding the verdict.

ANALYSIS
¶ 8. Brouillette, Lamartiniere, and Rachal contend that since Jones conceded negligence and since conceded the existence of minimal injuries then a reasonable jury could not issue a verdict in Jones's favor because it would go against the overwhelming weight of the evidence. "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Wal-Mart Stores v. Frierson, 818 So.2d 1135, 1143(¶ 16)(Miss.2002).
¶ 9. However, Jones also points out that, "Mississippi appellate practice requires that in a civil jury case, a post-trial motion for judgment notwithstanding the verdict is necessary for appellate review if the appellant wishes to contend that judgment should have been granted as a matter of law." Harrison v. McMillan, 828 So.2d 756, 762(¶ 20)(Miss.2002). The appellants failed to challenge the sufficiency of the verdict at the trial level by filing a motion for judgment notwithstanding the verdict preventing the trial court from hearing this argument. In Harrison, the court procedurally barred the appellant from challenging the weight of the evidence since they failed to move for a judgement notwithstanding the verdict. Harrison, 828 So.2d at 763-764 (¶¶ 22-23) Similarly, Brouillette, Lamartiniere, and Rachal are procedurally barred from challenging the sufficiency of the weight of the evidence relied upon for this jury verdict.
¶ 10. THE JUDGMENT OF CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS,
BARNES AND ISHEE, JJ., CONCUR.